**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4477**
_____

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

   v.

JUAN NICOLAS-JUAN,

      Defendant – Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., Senior District Judge. (6:09-cr-00886-GRA-1)

_____

Submitted: April 21, 2011    Decided: April 29, 2011

_____

Before KING, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Nicolas-Juan, an undocumented alien, appeals the twenty-four-month-and-one-day sentence imposed following his jury convictions of one count of misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (2006), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006), and one count of making a false statement, in violation of 18 U.S.C. § 1001(a)(2) (2006). Counsel for Nicolas-Juan filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but noting that Nicolas-Juan objects to the district court's lack of authority to permanently stay his removal in a criminal matter as an equal protection violation. Nicolas-Juan was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

The Equal Protection Clause of the Fourteenth Amendment prohibits "governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). "To succeed on an equal protection claim, a [claimant] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v.

2

Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If a claimant succeeds in making such a showing, we must determine whether the disparity is justified under the requisite level of scrutiny. Id.

Nicolas-Juan argues that the policy prohibiting a district court from staying a criminal alien's removal results in unfair treatment compared to aliens who have not been convicted of crimes. We hold that this is not a valid equal protection claim because Nicolas-Juan, a convicted criminal, is not similarly situated with non-criminal aliens. In any event, Nicolas-Juan cannot show that he was treated differently as a result of intentional or purposeful discrimination. Accordingly, we deny Nicolas-Juan's equal protection claim.

In accordance with Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Nicolas-Juan, in writing, of the right to petition the Supreme Court of the United States for further review. If Nicolas-Juan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nicolas-Juan. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4